USDC SCAN INDEX SHEET










```
JOEH     4/20/06    16:01
3:06-CV-00897    CATTIE V. WAL-MART STORES
*1*
*CMP.*
```

ORIGINAL

HULETT HARPER STEWART LLP
BLAKE MUIR HARPER, SBN: 115756
DENNIS STEWART, SBN: 99152
SARAH PICKERAL WEBER; SBN: 239979
550 West C Street, Suite 1600
San Diego, CA 92101
Telephone:    (619) 338-1133
Facsimile:    (619) 338-1139

GOLDMAN, SCARLATO & KARON P.C
MARK S. GOLDMAN
BRIAN D. PENNY
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone:    (484) 342-0700
Facsimile:    (484) 342-0701

HEINS MILLS & OLSON PLC
STACEY MILLS
BRYAN L. CRAWFORD
BRIAN L. WILLIAMS
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:    (612) 338-4605
Facsimile:    (612) 338-4692

Attorneys for Plaintiff
[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE CATTIE, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No. 06CV 0897 BEN CAB<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, on behalf of herself and all others similarly situated, by her undersigned counsel, upon knowledge as to her own acts and upon information and belief as to Defendant and its actions, bring the following complaint against Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or the "Company").

**NATURE OF THE ACTION**

1. This class action arises out of the misleading advertising and promotion of the "thread count" of bed linens sold by the Company on its proprietary website, walmart.com.

2. Thread count is the number of threads in a square inch of cotton. It is supposed to be an objective measure of the number of threads per square inch of fabric. There is a universal expectation that the higher the thread count, the softer and more luxurious the fabric.

3. Plaintiff and the members of the Class are consumers residing throughout the United States who purchased bed linens from Wal-Mart on its website, walmart.com, where the advertising and packaging stated that the bed linens have a thread count significantly in excess of the linens' actual thread count.

4. To create the impression that the Company's store brand bed linens are of better quality and are more affordable than bed linens manufactured by other brands, Defendant violated the industry standard for counting threads and guidelines established by ASTM International and the United States Federal Trade Commission ("FTC") for reporting thread count.

5. Defendant has repeatedly misrepresented the thread count of its store brand bed linens to Plaintiff and members of the Class.

6. By reason of the above-alleged facts, Plaintiff and the Class have sustained damages in an amount to be proven at trial.

7. This Complaint consists of three Counts, alleging violations of the California Business and Professions Code, Cal. Bus & Prof Code § 17200, *et seq.* and § 17500, *et seq.*, as well as the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* To the extent recoverable pursuant to such claims Plaintiff intends to seek all relief permitted by law including, but not limited to, injunctive relief, damages, disgorgement, interest, restitution, attorneys' fees, and expenses.

## JURISDICITON AND VENUE

8. This Court has subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of Plaintiffs is a citizen of a state different from any defendant and the aggregated amount in controversy exceeds $5,000,000.00, exclusive of interest and costs," because Plaintiff is a citizen of New Jersey, whereas Defendant is a Delaware corporation with its principal place of business in Arkansas, and the amount in controversy exceeds $5,000,000.00.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendant resides, transacts business, or is found within this District, and a substantial part of the events giving rise to Plaintiff's claims arose here.

10. In addition, under the "Terms of Use" of Wal-Mart's website, under the "General" subsection, the Company explicitly chose the California Courts as the exclusive jurisdiction for any action arising out of use of the Company's commercial website. Specifically, Wal-Mart stated, "This Agreement shall be governed by and construed under California law without regard to conflicts of law provisions. Any action or proceeding arising out of or related to this Agreement or your use of this Site must be brought in the state or federal courts of California and you consent to the exclusive personal jurisdiction of such courts."

## PARTIES

11. Plaintiff, Catherine Cattie ("Plaintiff" or "Plaintiff Cattie"), is an individual who purchased "luxury" bed linens from Wal-Mart on its website, walmart.com.

12. Defendant Wal-Mart and its subsidiaries operate a chain of stores throughout the world. Defendant's stores offer a variety of goods including domestic merchandise and home furnishings, bed linens, giftware, household items, and health and beauty care items. As of March 29, 2006, the Company operated more than 3,800 stores in the United States alone and generated net sales of over $300 billion in 2006. Wal-Mart's business began in 1945 when Sam Walton opened his first variety store in Newport, Arkansas. The Company was later incorporated in Delaware in 1969. The Company maintains its principal offices at 702 S.W. 8th Street,

Bentonville, Arkansas 72716.

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the Class, consisting of all persons or entities who purchased store brand "luxury" bed linens on Wal-Mart's website, which bed linens were advertised on Wal-Mart's website and/or packaged as indicating thread counts in excess of the actual thread counts of the bed linens purchased. Excluded from the Class are Defendant, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

14.     The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown to Plaintiff, and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members of the Class geographically dispersed throughout the United States.

15.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct in violation of the California Business and Professions Code, as well as the California Consumer Legal Remedies Act.

16.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.

17.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a.     Whether the California Business and Professions Code and the California Consumer Legal Remedies Act were violated by Defendant's acts and omissions as alleged herein;

    b.     Whether Defendant's marketing of bed linens on its website, walmart.com, during the Class Period misrepresented the thread count of bed linens made available for sale on its website; and

3

    c. To what extent the members of the Class are entitled to remedies under the claims alleged and the extent of those remedies.

  18. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this class action.

## SUBSTANTIVE ALLEGATIONS

  19. Defendant Wal-Mart and its subsidiaries operate a chain of stores throughout the world. Its stores offer a diverse selection of goods from domestic merchandise and home furnishings, including bed linens, to giftware, household items, and health and beauty care items. As of March 29, 2006, the company operated more than 3,800 stores in the United States.

  20. Wal-Mart maintains a website, http://www.walmart.com. The website allows consumers all over the United States to shop for and to purchase goods sold by Wal-Mart.

  21. One of the menus appearing on the Home page of the website lists a category of items "For the Home." Clicking this link leads to a sub-menu for "Bed & Bath." This page contains a menu on the left side of the page, while featured products are showcased down the center of the page. Among the featured items on this page is the heading, "Our Highest Quality Sheets Ever," which advises potential customers to "Discover our high-threadcount sheets and feel true luxury."

  22. Under this heading and sub-heading are three "luxury" bed linen sets offered for sale. The first bed linen set is advertised as having "440-Threadcount," the second purportedly has "550-Threadcount," and the third purportedly has a luxurious "1,000-Threadcount."

  23. These bed linens are made for Wal-Mart and sold exclusively by Wal-Mart. The descriptions of these products appearing on Wal-Mart's website are created by the Company for the explicit purpose of selling these "luxury" bed linens.

  24. Clicking on links to either the 440, 550, or 1,000 thread count bed linen sets brings you to a page containing a description of the bed linens being sold, as well as further links to

4

purchase those goods.

25. The website description of the "440-Threadcount" bed linens boasts, "this luxurious bedding provides a lush 440 threadcounts per inch for the ultimate in sleeping comfort." Prices for bed linen sets made of this fabric begin at $59.88 on Wal-Mart's website.

26. The website description of the "550-Threadcount" bed linens boasts, "Made buttery soft with 550-threadcounts per inch, this top-of-the-line bedding softens with each washing to create enduring comfort." Prices for bed linen sets made of this fabric begin at $89.88 on Wal-Mart's website.

27. The website description of the "1,000-Threadcount" bed linens states, "This amazing set provides a plush 1,000 threadcounts per inch, at an unprecedented price." Prices for bed linen sets made of this fabric begin at $99.88 on Wal-Mart's website.

28. Misrepresentations of the advertised thread counts also appear on the packaging for these products.

29. Wal-Mart also sells "non-luxury" bed linen sets from Springmaid© with thread counts of 350. Prices for these bed linen sets start as low as $35.64 a set.

30. Wal-Mart's generic "luxury" bed linen sets, described in paragraphs 25-27, have thread counts that are the same as, or lower than, the "non-luxury" name brand bed linens, described in paragraph 29, that are sold on Defendant's website. Defendant, however, sells these "luxury" sheet sets at prices that are 68% to 280% higher than the "non-luxury" name brand sheets offered on its website.

31. For decades, the common practice in the United States textile bedding industry has been to count thread, or yarns, as one yarn, regardless of whether the yarn was a single ply or multi-ply yarn. A multi-ply yarn is one yarn that has been created by twisting two or more yarns together.

32. ASTM International, an international standards writing organization, addressed the thread count issue in standard D3775-03a, stating that "ends" and "picks" are to be counted as single units regardless of whether they are comprised of single or plied yarns.

33. As reported in the April 2006 edition of *Good Housekeeping* magazine, tests on

the bed linens sold exclusively by walmart.com showed that the advertised thread counts were significantly exaggerated:

> Did you recently buy bedding from Bed Bath & Beyond, Linens 'n Things, Linen Source, or Walmart.com? If so, you may be in for a surprise. GH Institute tests found that some brands sold exclusively at these retailers carry exaggerated thread counts (the number of threads per square inch of fabric). Of the eight brands we tested, only one delivered the count it advertised: JCPenney Home Collection.
>
> Our textile experts got suspicious because of the prices. High thread count indicates that a sheet is exceptionally soft and luxurious, which usually means it's also expensive – but these brands were going for as little as $149 for a queen-size set. (The JCPenney line, which did have the 600 count it claimed, was only $110 for a queen set). How much did the others exaggerate? Bed Bath & Beyond's Synergy brand boasts a thread count of 1,000 – but our tests found only 368. (All results were confirmed by an outside lab.) Other offenders: Royal Heritage, Interiors Sunham Home Fashions, Hotel Fine Linens, The Grand, Distinctive Home and Regency Collection.

34. On information and belief, Wal-Mart has inflated the thread count of the bed linens it offers on an exclusive basis by counting each "ply" of a thread of yarn as a separate thread. This has the effect of doubling, tripling, or even quadrupling the actual thread count.

35. The misleading representations of thread count, as made by Wal-Mart on its website, was brought to the attention of the FTC. In an opinion dated August 2, 2005, the FTC opined:

> "A representation about thread count, like other objective, material claims about a product, must be supported by a 'reasonable basis.' In determining what constitutes a reasonable basis for claims, we consider what experts in the field believe is appropriate, including whether there are relevant consensus based test procedures, such as an ASTM test procedure, or other widely accepted industry practices that apply to the matter. If so, we give such procedures or practices great weight in determining whether the advertiser has met its substantiation burden.
>
> *"Based upon the ASTM standard, as well as the information you have provided about standard industry practices with regard to disclosing thread count, we believe that consumers could be deceived or misled by the practice of stating an inflated thread count, achieved by multiplying the actual count by the number of plies within the yarn. A possible non-deceptive way to disclose both the thread count and the yarn ply would be to state, for example, '300 thread count, 2 ply yarn.' A representation of '600 thread count' for this same product would likely mislead consumers about the quality of the product being purchased."*

(emphasis added).

6

36. Notwithstanding industry practice, or the FTC's opinion, and as demonstrated by the *Good Housekeeping* study, Wal-Mart advertises its thread count based on a number calculated by multiplying the actual thread count by the number of plies within the yarn.

37. This practice is designed to, and does in fact, mislead consumers.

## COUNT 1

### False Advertising in Violation of California Business & Professions Code Section 17500

38. Plaintiff repeats and re-alleges each and every allegation above, as if set forth in full herein.

39. Cal. Bus. & Prof Code § 17500, provides, in part, as follows:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, *including over the Internet*, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof; which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised.

40. Defendant's advertisements for its "luxury" bed linens contain untrue or misleading statements concerning the thread count of Defendant's advertised products in that the actual thread count of Defendant's "luxury" bed linens is less than as represented by Defendant.

41. Defendant's advertisements for its "luxury" bed linens contain untrue or misleading statements concerning the thread count of Defendant's advertised products in that, while misrepresenting the thread count of Defendant's "luxury" bed linens, Defendant has failed to disclose, concealed, suppressed or omitted material facts, including the true, lower thread count of Defendant's "luxury" bed linens.

42. Defendant's advertisements for "luxury" bed linens containing the same or lower thread counts as other "non-luxury" bed linens sold on Defendant's website, contain untrue or misleading statements, and fail to disclose, conceal, suppress or omit material facts, in that the thread counts are misrepresented and bed linens advertised as "luxury" bed linens are not different products, and contain the same or lower thread counts as less expensive bed linens sold on Defendant's website.

43. Defendant knew, or in the exercise of reasonable care should have known, that the statements, representations and omissions set forth in this Complaint were untrue and/or misleading.

44. Defendant's conduct of misrepresenting and overstating the thread count of their "luxury" bed linens in Defendant's advertising disseminated in California constitutes multiple, separate violations of Cal. Bus. & Prof Code § 17500 (2006).

45. Defendant's conduct in failing to disclose, concealing, suppressing or omitting material facts, including the true, lower thread count of Defendant's "luxury" bed linens in Defendant's advertising disseminated in California constitutes multiple, separate violations of Cal. Bus. & Prof. Code § 17500 (2006).

46. Defendant's conduct in overstating the thread counts of its bed linens and advertising in California its "luxury" bed linens containing the same or lower thread count as less expensive "non-luxury" bed linens, without disclosing the material fact that the "luxury" bed linens contained the same or lower thread counts as the "non-luxury" bed linens, and misrepresenting and failing to disclose, concealing, suppressing or omitting the true, lower thread count of such bedding, constitutes multiple, separate violations of Cal. Bus. & Prof. Code § 17500 (2006).

47. Plaintiff Cattie and members of the Class have been injured in their money or property as a result of Defendant's false or misleading advertising practices as set forth in this Complaint.

48. As a result of Defendant's false or misleading advertising, Plaintiff Cattie and members of the Class are entitled to injunctive relief, restitution of all amounts paid for

Defendant's "luxury" bed linens, disgorgement, interest, and attorneys' fees and costs, pursuant to California law.

## COUNT 2

**Violations of the California Consumer Legal Remedies Act,
California Civil Code Sections 1750, *et seq***

49. Plaintiff repeats and re-alleges each and every allegation above, as if set forth in full herein.

50. The California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1770(a)(5) and (7) (2006), provides, in part, as follows:

   (a)   The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

* * *

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have . . . .

* * *

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

51. Defendant's business practices, in advertising, marketing and selling their "luxury" bed linens, of misrepresenting and overstating the thread count of their "luxury" bed linens, when, in fact, the actual thread count of Defendant's "luxury" bed linens is less than as represented by Defendant, constitute multiple, separate violations of Cal. Civ. Code §§ 1770(a)(5) and (7) (2006), including:

   a.   Falsely representing that Defendant's "luxury" bed linens have characteristics, uses, benefits or quantities of threads per square inch, when, in fact, they do not;

   b.   Falsely representing that Defendant's "luxury" bed linens are of a particular standard, quality or grade, made with fabric of a certain advertised thread count, when in fact, they are not.

9

52. Defendant's business practices, in advertising, marketing and selling their "luxury" bed linens, of failing to disclose, concealing, suppressing or omitting material information concerning the true, lower thread count of their "luxury" bed linens, constitute multiple, separate violations of Cal. Civ. Code §§ 1770(a)(5) and (7) (2006).

53. Defendant's business practices of advertising, marketing and selling other bed linens containing the same or higher thread counts than the "luxury" bed linens sold on Defendant's website, while misrepresenting the thread count of such products and concealing, suppressing or omitting material facts, including the facts that such "luxury" bed linens contain the same or lower thread counts than the "non-luxury" bed linens sold on Defendant's website, constitute multiple, separate violations of Cal. Civ. Code §§ 1770(a)(5) and (7) (2006), including:

  a. Falsely representing that such "luxury" bed linens have characteristics, uses, benefits, or quantities, including that they are different products and that they contain higher thread counts than less expensive "non-luxury" bed linens, when, in fact, they do not;

  b. Falsely representing that such "luxury" bed linens are of a particular standard, quality, grade or style, including that they are of a higher quality than "non-luxury" bed linens sold on Defendant's website, or that Defendant's "luxury" bed linens have a higher thread count, when, in fact, they do not.

54. Plaintiff Cattie and members of the Class are consumers, as defined by Cal. Civ. Code § 1761(d) (2006), in that they purchased "luxury" bedding from Defendant for personal, family or household purposes.

55. Defendant engaged in the unfair or deceptive acts or practices set forth in this Complaint in transactions intended to result, and which did result, in the sale of goods or services to consumers, including Plaintiff Cattie and members of the Class.

56. Plaintiff Cattie and members of the Class have been injured in their money or property by Defendant's unfair or deceptive acts or practices set forth in this Complaint.

57. As a result of Defendant's violations of Cal. Civ. Code § 1770 as set forth in this Complaint, Plaintiff Cattie and members of the Class are entitled to injunctive relief.

58. Additionally, if Defendant does not respond to Plaintiff's notice pursuant to Cal.

10

Civ. Code § 1982 with corrective action within thirty days of its receipt, Plaintiff and the Class will also be entitled to their actual damages, or at least one thousand dollars ($1,000), restitution, punitive damages, costs and attorney's fees, interest and any other relief the court deems proper, pursuant to Cal. Civ. Code § 1780(a) (2006) and Plaintiff will amend its Complaint to so allege.

## COUNT 3

### Violations of California Business & Professions Code Sections 17200, *et seq.*

59. Plaintiff repeats and re-alleges each and every allegation above, as if set forth in full herein.

60. California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (2006), provides as follows:

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

61. Defendant's business practices of advertising, marketing and selling their "luxury" bed linens by misrepresenting and overstating the thread count of those bed linens, are:

   a. Unlawful, as proscribed by, *inter alia*, California Civil Code §§ 1704, 1710, Cal. Bus. & Prof. Code § 17200 (2006), § 5 of the Federal Trade Commission Act, 15 USCS § 45, the Consumer Legal Remedies Act, and/or common law fraud, in that Defendant's advertisements and packaging contain untrue or misleading statements which are known by Defendant, or which by the exercise of reasonable care should be known, to be untrue or misleading;

   b. Fraudulent business practices under Cal. Bus. & Prof Code § 17200, in that members of the public are likely to be deceived by Defendant's acts and practices into believing that Defendant's "luxury" bed linens contain the thread count represented by Defendant when, in fact, they do not;

   c. Unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, because they offend the public policy of California, are unethical, oppressive, unscrupulous or substantially injurious to consumers or, alternatively, the harm caused by Defendant's actions

11

outweighs any benefits accruing from such actions;

62. In advertising, marketing and selling Defendant's "luxury" bed linens, Defendant made the material misrepresentations and omissions set forth in this Complaint in Defendant's advertising, including labeling, packing materials, website, point-of-sale materials and other promotional materials disseminated by or on behalf of Defendant in California.

63. Defendant's misrepresentations and omissions set forth in this Complaint are material in that they relate to matters that would likely affect the purchasing decisions or conduct of consumers, including Plaintiff Cattie and the members of the Class, regarding Defendant's products.

64. Plaintiff Cattie and members of the Class have been injured in their money or property as a result of Defendant's unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, as set forth in this Complaint.

65. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17200, Plaintiff Cattie and members of the Class are entitled to restitution of all amounts paid to Defendant for Defendant's "luxury" bed linens and injunctive relief, disgorgement, interest, and attorneys' fees and costs, pursuant to California law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For an order declaring this a class action;

B. For declaratory relief finding that Defendant has engaged in unfair, unlawful, or fraudulent business acts or practices in violation of California Business & Professions Code §§ 17200, *et seq.* and 17500 (Counts 2 and 3);

C. For a temporary restraining order and a preliminary and permanent injunction enjoining Defendant and its officers, directors, agents, distributors, servants, employees, attorneys, and all others in active concert or participation with Defendant during the pendency of this action and permanently thereafter from engaging in the false advertising and marketing campaign described herein (Counts 1, 2 and 3);

D. For restitution to all persons from whom Defendant unlawfully, unfairly, or

1  fraudulently took money, including accrued interest, in addition to other unjust enrichment of
2  Defendant, in an amount to be proven at trial (Counts 2 and 3);
3      E.    For interest at the maximum rate allowed by law;
4      F.    For costs of suit;
5      G.    For Plaintiff to be awarded attorneys' fees and all litigation expenses pursuant to
6  California Civil Code § 1780(d) and California Code of Civil Procedure § 1021.5. Alternatively,
7  for all attorneys' fees and all litigation expenses to be awarded pursuant to the substantial benefit
8  doctrine, the common fund doctrine, or any other provision of law; and
9      H.    For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: April 18, 2006            HULETT HARPER STEWART LLP
                                    BLAKE MUIR HARPER
                                    DENNIS STEWART
                                    SARAH PICKERAL WEBER

*/s/ Blake Muir Harper /SW*
BLAKE MUIR HARPER

550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

GOLDMAN, SCARLATO & KARON P.C
MARK S. GOLDMAN
BRIAN D. PENNY
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone: (484) 342-0700
Facsimile: (484) 342-0701

13

HEINS MILLS & OLSON PLC
STACEY MILLS
BRYAN L. CRAWFORD
BRIAN L. WILLIAMS
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:    (612) 338-4605
Facsimile:    (612) 338-4692

THORNTON & NAUMES LLP
GARRETT J. BRADLEY
100 Summer Street, 30th Floor
Boston, MA  02110
Telephone:    (607) 720-1333
Facsimile:    (607) 720-2445

Attorneys for Plaintiff



# HULETT HARPER STEWART
## LLP

*550 West C Street, Suite 1600*
*San Diego, California 92101*
*office 619.338.1133*
*fax 619.338.1139*
*www.huletthaperstewart.com*

April 18, 2006

<u>**VIA CERTIFIED MAIL,**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

H. Lee Scott, Jr.
President and CEO
Wal-Mart Stores, Incorporated
702 S.W. 8th Street
Bentonville, AK 72716

Re:   *Catherine Cattie v. Wal-Mart Stores, Inc.*

Dear Mr. Scott:

We represent Catherine Cattie. Ms. Cattie has filed an action against your company relating to your practices of misrepresenting and overstating the thread count of "luxury" bed linens sold through your website, walmart.com, and of failing to disclose the true lower thread count of this bedding, including the fact that Wal-Mart's "luxury" bedding contains the same or lower thread count as "non-luxury" bedding sold on the same website. The violations of law are further detailed in the copy of the Complaint, which is enclosed with this letter.  The original Complaint has been filed and will be served on you in the ordinary course.

The practices at issue constitute violations of, *inter alia*, California Civil Code §§ 1770, *et seq.*, known as the Consumer Legal Remedies Act (CLRA).  Among the provisions of the CLRA violated by the conduct complained of in this letter are California Civil Code §§ 1770(a)(5) and 1770(a)(7).

Pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that you immediately correct and remedy the violations of Civil Code §§ 1770, *et seq.* by ceasing your false and misleading advertising and marketing practices.

H. Lee Scott, Jr.
President and CEO
Wal-Mart Stores, Incorporated
April 18, 2006

After 30 days from the date of your receipt of this letter, if you have not indicated your intent to fully rectify and remedy these violations on behalf of all affected persons, we will amend the Complaint to seek the additional remedies authorized by California Civil Code § 1782.

In order to satisfy the requirements of California Civil Code § 1782, Defendants must undertake to:

(1) Cease its present practice of misrepresenting and overstating the thread count of its "luxury" bedding;

(2) Cease its present practice of failing to disclose the true, lower thread count of its "luxury" bedding and that it contains the same or lower thread count as the "non-luxury" bedding it sells; and

(3) Compensate purchasers of such bedding in an amount to be agreed.

Of course, if you believe that complete remedial measures should be accomplished through additional or different steps, feel free to so advise us.

We look forward to your response.

Sincerely yours,

*[signature]*

BLAKE MUIR HARPER
BMH/av

Enclosures

JS 44 (Rev. 3/99) **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

### I. (a) PLAINTIFFS
CATHERINE CATTIE, on Behalf of Herself and All Others Similarly Situated

### DEFENDANTS
WAL-MART STORES, INC.

FILED
06 APR 18 PM 3:45
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(b) County of Residence of First Listed Plaintiff: Monmouth County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
HULETT HARPER STEWART LLP, BLAKE MUIR HARPER
550 West C Street, Suite 1600
San Diego, CA 92101  Telephone: 619/338-1133

Attorneys (If Known)

'06CV 0897 BEN CAB

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☒ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** / **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  ☐ 550 Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Cal. Bus. & Prof. Code § 17200 ; Cal. Civ. Code §§ 1770(a)(5) and (7) (2006); Cal. Bus. & Prof Code § 17500; 28 U.S.C. § 1332

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 04/18/2006
SIGNATURE OF ATTORNEY OF RECORD: *Blake Muir Harper /s/*

FOR OFFICE USE ONLY
RECEIPT # 1215  AMOUNT $350.00  APPLYING IFP KD 4/18/06  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.