















KAJ    6/15/06    14:12

3:06-CV-00897   CATTIE V. WAL-MART STORES

*12*

*P/A.*

STEVEN H. FRANKEL (State Bar No. 171919)
Michael A. Schlanger (Washington, D.C., *Pro Hac Vice* Application Pending)
Michael H. Barr (New York, *Pro Hac Vice* Application Pending)
Sandra D. Hauser (New York, *Pro Hac Vice* Application Pending)
David A. Diepenbrock (State Bar No. 215679, S.D. Cal. Admission Pending)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: sfrankel@sonnenschein.com

Attorneys for Defendants
WAL-MART STORES, INC. and
WAL-MART.COM USA, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE CATTIE, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC. and WAL-MART.COM USA, LLC,<br><br>     Defendants. | No. 06 CV 0897 LAB (CAB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT IN ITS ENTIRETY AGAINST WAL-MART STORES, INC., AND THE C.L.R.A. CLAIMS AGAINST WAL-MART STORES, INC. AND WAL-MART.COM USA LLC<br><br>[Fed. R. Civ. P. 12(b)(1)]<br><br><br>Date:    July 31, 2006<br>Time:   10:30 a.m.<br>Place:  Courtroom 9, 2nd Floor<br>Judge:  Hon. Larry Allen Burns |

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26th FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

        

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF RELEVANT FACTS ....................................................................... 2

    A.  Four Law Firms Bring A Class Action Lawsuit Eleven Days After
        Their Singular Plaintiff Purchased One Set of Bed Sheets Over The
        Internet. ................................................................................................................ 2

    B.  Wal-Mart Stores And Wal-Mart.com Are Separate Legal Entities And
        Plaintiff's Allegations Concern Wal-Mart.com Only........................................... 3

III. ARGUMENT ................................................................................................................. 4

    A.  Plaintiff Has The Burden of Establishing Subject Matter Jurisdiction,
        Including Standing to Sue.................................................................................... 4

    B.  Plaintiff Lacks Standing To Sue Wal-Mart Stores Because She Never
        Purchased Anything From That Entity. ............................................................... 5

    C.  Plaintiff Also Lacks Standing To Sue Wal-Mart.Com Under The
        CLRA. .................................................................................................................. 7

    D.  Plaintiff's CLRA Claim Should Be Dismissed Because She Has Failed
        To Comply With The CLRA's Strictly Enforceable Notice Provisions.............. 8

    E.  Since All of Plaintiff's Individual Claims Against Wal-Mart and Her
        CLRA Claim Against Wal-Mart.com Are Barred, The Corresponding
        Class Claims Should Likewise Be Dismissed. .................................................... 10

IV. CONCLUSION ............................................................................................................. 11

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

*Anunziato v. eMachines, Inc.,*
    402 F. Supp. 2d 1133 (C.D. Cal. 2005) ....................................................................6

4

5

*Doe v. Unocal Corp.,*
    248 F.3d 915 (9th Cir. 2001) ..................................................................................6

6

*Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.,*
    528 U.S. 167 (2000)..................................................................................................5

7

8

*Harris Rutsky & Co. Insurance Services, Inc., v. Bell & Clements Ltd.,*
    328 F.3d 1122 (9th Cir. 2003) ................................................................................6

9

*Indiana Employment Sec. Division v. Burney,*
    409 U.S. 540 (1973)................................................................................................10

10

*Kokkonen v. Guardian Life Insurance Co.,*
    511 U.S. 375 (1994)..................................................................................................4

11

12

*Laster v. T-Mobile USA, Inc.,*
    407 F. Supp. 2d 1181 (S.D. Cal. 2005)..........................................................8, 9, 10

13

14

*Lee v. America National Insurance Co.,*
    260 F.3d 997 (9th Cir. 2001) ..........................................................................5, 6, 10

15

*Nordberg v. Trilegiant Corp.,*
    2006 U.S. Dist. LEXIS 15756 (N.D. Cal. April 4, 2006)........................................7

16

17

*Savage v. Glendale Union High Sch. District No. 205,*
    343 F.3d 1036 (9th Cir. 2003) ................................................................................5

18

19

*Schlesinger v. Reservists Committee to Stop the War,*
    418 U.S. 208 (1974)................................................................................................10

20

21

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation,*
    873 F.2d 1221 (9th Cir. 1994) ................................................................................4

22

*United States v. Bestfoods,*
    524 U.S. 51 (1998)....................................................................................................7

23

24

*Von Grabe v. Sprint PCS,*
    312 F. Supp. 2d 1285 (S.D. Cal. 2003)....................................................................8

25

26

*White v. Lee,*
    227 F.3d 1214 (9th Cir. 2000) ................................................................................5

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## STATE CASES

Cheung v. Daley,
35 Cal. App. 4th 1673 (1995) ..........................................................................................9

Cortez v. Purolator Air Filtration Products Co.,
23 Cal. 4th 163 (2000) ......................................................................................................9

Discover Bank v. Superior Court,
36 Cal. 4th 148 (2005) ......................................................................................................7

Sonora Diamond Corp. v. Superior Court,
83 Cal. App. 4th 523 (2000) ............................................................................................7


## FEDERAL REGULATIONS AND RULES

19 C.F.R. § 141.89 ..................................................................................................................3

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................1

Fed. R. Civ. P. 23 ..................................................................................................................10


## STATE STATUTES

Cal. Bus. & Prof. Code § 17204 ............................................................................................6

Cal. Bus. & Prof. Code § 17500 ............................................................................................2

Cal. Civ. Code § 1780 ........................................................................................................6, 9

Cal. Civ. Code § 1782 ........................................................................................................1, 8

Cal. Civ. Code § 3281 ............................................................................................................9


## MISCELLANEOUS

Douglas Laycock, The Scope And Significance of Restitution,
67 Tex. L. Rev. 1277, 1283 (1989) ................................................................................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

06cv0897 LAB (CAB)                                    DEFENDANTS' MOTION TO DISMISS

## I.  INTRODUCTION

Plaintiff Catherine Cattie ("Plaintiff" or "Cattie") is a New Jersey resident who purchased a single set of sheets from Wal-Mart.com little over a week before filing this case. She attempts to bring this purported nationwide class action to recover restitution and economic damages on behalf of customers of Wal-Mart Stores, Inc. and Wal-Mart.com USA across the country, claiming, among other things, that all somehow have standing to sue for damages in this Court under the California Consumer Legal Remedies Act.  However, Plaintiff's claims suffer from serious defects that cannot be salvaged merely because she seeks class status.

As an initial matter, Plaintiff lacks standing to bring any claims against defendant Wal-Mart Stores, Inc., because her allegations focus purposefully and exclusively on products sold by a different and separate legal entity:  Wal-Mart.com USA LLC ("Wal-Mart.com").  Wal-Mart.com owns and operates the website from which Plaintiff purchased the bed linens that form the basis of this lawsuit.  Because Plaintiff bought nothing from Wal-Mart Stores, she suffered no injury from Wal-Mart Stores, and thus lacks standing to sue it.  Accordingly, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, each and every cause of action in Plaintiff's Second Amended Class Action Complaint ("Complaint") should be dismissed as to Wal-Mart Stores.

In addition, Plaintiff's claims under the California Consumer Legal Remedies Act ("CLRA") should be dismissed with prejudice against both Wal-Mart.com and Wal-Mart Stores for two separate reasons:  First, as a resident of New Jersey, Plaintiff lacks standing under the CLRA to sue Wal-Mart.com.  As has been recognized in practice by both parties and courts, non-California residents cannot take advantage of this California damage statute, which does not extend extraterritorially to trump the various and different laws of every other state.  Out-of-state residents simply lack standing to bring CLRA claims.  Second, Plaintiff failed to comply with the strict notice provisions of the CLRA, by seeking monetary restitution prior to the expiration of the Act's 30-day notice period.  *See* Cal. Civ. Code § 1782(a),(d) (Deering 2006).  Under that statute, plaintiffs are restricted to seeking *only* injunctive relief until *after* they have fully

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26ᵗʰ FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

-1-

complied with the Act's notice provisions. Plaintiff's failure to fully comply with these notice provisions prior to seeking restitution is fatal to her CLRA claim.

## II.    STATEMENT OF RELEVANT FACTS

### A.    Four Law Firms Bring A Class Action Lawsuit Eleven Days After Their Singular Plaintiff Purchased One Set of Bed Sheets Over The Internet.

According to the records of Wal-Mart.com, on April 7, 2006 — just 11 days before she filed this class action suit — Plaintiff purchased one set of 100% cotton, queen-size sateen 1000-thread count sheets from Wal-Mart.com, which were shipped to her Colts Neck, New Jersey address. (*See* Declaration of Steven H. Frankel ("Frankel Decl."), ¶ 2, Ex. A.) There is no allegation in the Complaint that Plaintiff was actually dissatisfied with the quality of the sheets she purchased. In fact, there is no allegation that Ms. Cattie even opened or used the sheets before her attorneys filed this lawsuit. Plaintiff apparently lodged no complaint with Wal-Mart.com before her attorneys filed their original complaint — yet had Plaintiff been dissatisfied, she could simply have returned the sheets for a full refund under Wal-Mart.com's stated policy permitting customers to return products (including opened and used bed linens) within 90 days of purchase, for any reason or no reason at all. (*See id.*).

Nonetheless, apparently caring little about their client's actual reaction to the sheets she purchased, four different law firms, in four different states (California, Massachusetts, Minnesota, and Pennsylvania), filed this nationwide class action shortly after Cattie's purchase, identifying Cattie alone as the purported class representative of a nationwide consumer class. The timing and geographic dispersal of counsel raises obvious questions regarding who contacted whom. The operative Complaint charges that Wal-Mart.com improperly uses "thread count" figures that result from counting every thread in "luxury" linens, including each thread twisted into a "two-ply" "yarn." Thus, according to the Complaint, this feature of Cattie's sheets was misrepresented. Three causes of action are pled: (1) "False Advertising" in violation of California Business and Professions Code Section 17500 ("FAL"); (2) Violations of the CLRA; and (3) Violations of Business and Professions Code Section 17200 *et seq.* ("UCL"). In addition to seeking declaratory and injunctive relief, the First Amended Complaint sought a

-2-

DEFENDANTS' MOTION TO DISMISS

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    monetary award of restitution.  (First Amended Complaint at 13:5-7.)  In the Second Amended

2    Complaint filed on June 9, 2006, Plaintiff added a prayer for actual damages.  In all of her

3    complaints, Plaintiff announces her intent to seek certification of a nationwide class, which

4    Defendants will oppose at the appropriate juncture on any surviving claims.

5         **B.    Wal-Mart Stores And Wal-Mart.com Are Separate Legal Entities And
               Plaintiff's Allegations Concern Wal-Mart.com Only.**

6

7         Wal-Mart Stores, Inc. and Wal-Mart.com are separate legal entities.  Wal-Mart Stores is

8    a Delaware corporation headquartered in Arkansas, and Wal-Mart.com is a California LLC that

9    operates from offices in Brisbane, California. (*See* Frankel Decl., ¶ 3, Ex. B; Declaration of Tim

10   Watson ("Watson Decl."), ¶ 3.)  Initially, Plaintiff brought this action against Wal-Mart Stores

11   alone, and added Wal-Mart.com USA LLC as a defendant in the First Amended Complaint she

12   filed on May 5, 2006.  But as the Second Amended Complaint ("Complaint") and the

13   accompanying evidence reveal, this lawsuit has nothing to do with Wal-Mart Stores.  Rather, the

14   Complaint targets purported misrepresentations on the Wal-Mart.com *website* regarding the

15   thread count of certain "luxury" bed linens.  More specifically, the Complaint alleges that the

16   website improperly uses "thread count" figures that result from counting every thread in

17   "luxury" linens, including each thread twisted into a "two-ply" "yarn."  (*See* Compl.,¶ 35.)

18   Plaintiff contends that counting each thread in linens made of plied (multi-thread) yarn is

19   purportedly misleading because the "luxury" bed linens with plied yarns supposedly "are not

20   different products" than less expensive (singly-ply) linens sold on the website.  (Compl., ¶ 43.)

21   (Of course, Plaintiff's allegations make sense only if multi-thread (plied) yarn must be

22   considered one "thread," if single ply yarn is "not different" from two-ply yarn, and if there are

23   no other material differences in the product construction.)  Plaintiff further alleges that this

24   practice is deceptive because it purportedly violates a thread-counting standard of one industry

25   organization, ASTM International.[1]  (*Id.*, ¶¶ 32-33.)

26

27   [1]   Wal-Mart.com disputes that there is any universally-accepted industry standard for
     determining the thread count of bed linens.  Indeed, the U.S. Customs Service has a regulation
28   applicable to imported fabrics, which uses the same method that Plaintiff condemns; namely,
     counting each thread in plied yarns as a *separate* thread. *See* 19 C.F.R. § 141.89 (2006).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-3-

1    In making all these allegations, Plaintiff fails to differentiate between Wal-Mart Stores

2    and Wal-Mart.com, and instead phrases her Complaint as if both defendants jointly operated the

3    Wal-Mart.com website.  They do not.  Wal-Mart.com runs the website, including purchasing

4    decisions and content.  (*See* Watson Decl., ¶ 6.)  Reviewing the Complaint with this salient fact

5    in mind reveals that Plaintiff's allegations are based exclusively upon products advertised and

6    sold by Wal-Mart.com.  Specifically, Plaintiff's attorneys allege that Cattie purchased "luxury"

7    bed linens from "walmart.com." (Compl., ¶ 11.)  The Complaint further states that the lawsuit is

8    brought on behalf of all who have purchased these linens on "Wal-Mart's website," and

9    exclusively targets "*website* description[s]" for "luxury" bed linens advertised as having 440,

10   550, and 1,000 thread-counts.  (*Id.*, ¶¶ 14, 26-28 (emphasis added).)  Plaintiff even references

11   "tests on bed linens sold *exclusively* by walmart.com," and refers to "misleading representations

12   of thread-count, as made by Wal-Mart *on its website*[.]" (Compl., ¶¶ 34, 36 (emphasis added).)

13   The Complaint's allegations regarding the CLRA also exclusively target the "luxury" bed linens

14   sold on the "website."  (*Id.*, ¶ 54.)  Finally, Plaintiff nowhere alleges that she ever purchased

15   anything from Wal-Mart Stores, or that Wal-Mart Stores sells "luxury" sheets with the targeted

16   thread counts of 440, 550, and 1000.

17   Evidently, Plaintiff named Wal-Mart Stores as a defendant based upon her attorneys'

18   initial (erroneous) belief that Wal-Mart.com and Wal-Mart Stores were one in the same, rather

19   than operating as separate businesses and legal entities.  In any event, as explained below, there

20   is no legal basis to retain Wal-Mart Stores as a defendant because Plaintiff never purchased

21   anything from it.

22   **III.  ARGUMENT**

23         **A.    Plaintiff Has The Burden of Establishing Subject Matter Jurisdiction,**
24               **Including Standing to Sue.**

25   Because Plaintiff filed this action in federal court, she has the burden of affirmatively

26   establishing subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375,

27   377 (1994); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221,

28   1225 (9th Cir. 1994).  Further, although courts typically decide motions to dismiss based upon

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-4-

DEFENDANTS' MOTION TO DISMISS

1   the face of the complaint, courts may consider extrinsic evidence demonstrating lack of subject

2   matter jurisdiction. *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2

3   (9th Cir. 2003) (*citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Accordingly, this

4   Court may consider evidence outside the four corners of the Complaint that may be relevant to

5   its subject matter jurisdiction decision.

6
          **B.      Plaintiff Lacks Standing To Sue Wal-Mart Stores Because She Never**
7                   **Purchased Anything From That Entity.**

8              To bring suit in federal court, Cattie must show she "has actually been injured by the

9   defendant's challenged conduct"; only then can she meet the Constitution's Article III case or

10  controversy requirement. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001) (*citing*

11  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000). Under this

12  controlling precedent, Plaintiff cannot satisfy the Constitution's injury-in-fact requirement as to

13  Wal-Mart Stores because she purchased nothing from Wal-Mart Stores and thus cannot have

14  been harmed by it. *Lee*, 260 F.3d at 1002 ("Lee cannot [demonstrate the requisite injury]

15  because he did not buy any policy from ANTEX and so did not suffer any injury due to

16  ANTEX's conduct.").

17             Like Cattie, the plaintiff in *Lee* brought a class action lawsuit against two corporate

18  defendants, one of which was a subsidiary of the other. In a further parallel to this case, the *Lee*

19  plaintiff also brought claims under sections 17200 and 17500 of California's Business and

20  Professions Code, and had purchased products from only one of the two defendants. The district

21  court ruled that the plaintiff could bring claims only against the party from which it had

22  purchased goods: "because Lee had not purchased an ANTEX policy, he could not demonstrate

23  that he had suffered an actual injury and therefore could not establish standing to bring suit in

24  federal court." *Id.* at 999. The Ninth Circuit affirmed, agreeing that the plaintiff had no

25  standing to sue a defendant from which he had purchased nothing. *Id.* at 1002.

26             The holding in *Lee* controls here. As in *Lee*, there is no Article III case or controversy

27  between Plaintiff and one defendant (Wal-Mart Stores) because Cattie "did not buy [anything]

28  from [Wal-Mart Stores] and so did not suffer any injury due to [Wal-Mart Stores'] conduct." *Id.*

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-5-

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  Accordingly, Cattie cannot establish that she has "actually been injured by [Wal-Mart Stores']

2  challenged conduct." *Id.* at 1001.

3  Notably, *Lee* was decided *before* Proposition 64 imposed more stringent standing

4  requirements for bringing UCL and FAL claims in state court. Those formerly lenient standards

5  had *no bearing on the Lee court's analysis, however.* In fact, the Ninth Circuit observed that

6  although the plaintiff's claims would have been "perfectly viable in state court under state law"

7  they did not pass constitutional muster in federal court. *Id.* at 1001-1002. Accordingly, the

8  "standing" rules provided under current California law are equally irrelevant to this motion.

9  Nonetheless, although the standing issue raised by this motion arises under Article III, Wal-Mart

10  Stores notes that Plaintiff would be unable to satisfy the post-Proposition 64 requirements for

11  bringing her UCL and FAL claims in state court, because those statutes now require plaintiffs to

12  have suffered actual injury from the specific defendant's conduct. *See* Cal. Bus. & Prof. Code §

13  17204 (Deering 2006) ("Actions for any relief pursuant to this chapter shall be prosecuted . . . by

14  any person who has suffered injury in fact and has lost money or property as a result of such

15  unfair competition."); *see also Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1136 (C.D.

16  Cal. 2005) ("Under both the UCL and the FAL, a plaintiff must now have suffered injury and

17  lost money or property."). The CLRA imposes similar requirements. Cal. Civ. Code § 1780

18  (Deering 2006) ("Any consumer who suffers any damage as a result of the use or employment

19  by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring

20  an action against that person [.]")

21  While Plaintiff may like to think of Wal-Mart Stores and Wal-Mart.com as being one in

22  the same, this Court, of course, cannot indulge Plaintiff's preference. *See, e.g., Harris Rutsky &

23  Co. Ins. Servs., Inc., v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) ("It is well-

24  established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of

25  the subsidiary to the parent for jurisdictional purposes.") (citations omitted); *Doe v. Unocal

26  Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) ("[M]onitoring of the subsidiary's performance,

27  supervision of the subsidiary's finance and capital budget decisions, and articulation of its

28  general policies and procedures" is insufficient to create parent company liability.) (*citing*

-6-

06cv0897 LAB (CAB)                                          DEFENDANTS' MOTION TO DISMISS

1    *United States v. Bestfoods*, 524 U.S. 51, 69 (1998)); *Sonora Diamond Corp. v. Superior Court*,

2    83 Cal. App. 4th 523, 540 (2000) ("[N]either ownership nor control of a subsidiary corporation

3    by a foreign parent corporation, without more, subjects the parent to the jurisdiction of the state

4    where the subsidiary does business.").

5        **C.**    **Plaintiff Also Lacks Standing To Sue Wal-Mart.Com Under The CLRA.**

6

7          In addition to being precluded from bringing any claims against Wal-Mart Stores,

     Plaintiff cannot bring a claim against Wal-Mart.com under the CLRA because Plaintiff is not a
8
     California resident.  Unlike the UCL and FAL, which allow out-of-state plaintiffs to bring
9
     claims for injunctive relief under certain limited circumstances where misconduct occurs within
10
     California's borders, the CLRA has no such extraterritorial reach.  *See Nordberg v. Trilegiant*
11
     *Corp.*, 2006 U.S. Dist. LEXIS 15756, at *32 (N.D. Cal. April 4, 2006) ("Plaintiffs Nordberg and
12
     Smith-the only plaintiffs residing in California" were "*therefore the only plaintiffs with standing*
13
     *to enforce the CLRA* against defendants[.]")  (emphasis added).  The parties' and the court's
14
     understanding in *Nordberg* that California residents are "*the only plaintiffs with standing* to
15
     *enforce the CLRA*" is hardly surprising, because the contrary position would essentially
16
     federalize the CLRA, and would displace the damages regimes that many other state legislatures
17
     have crafted to protect their own citizens.  *See id.*  Thus, Defendants have found no authority
18
     expressly permitting the extravagance of allowing a single, non-resident plaintiff like Cattie to
19
     bring a nationwide damage class in California on behalf of all consumers across the country
20
     under this California statute.
21
           In apparent recognition of this limitation on standing, the plaintiffs in *Nordberg*, who
22
     initially had sought relief on behalf of a nationwide class, amended their complaint to limit their
23
     assertion of their CLRA claim to named plaintiffs residing in California by creating a
24
     "California Subclass."  Other plaintiffs' attorneys have also recognized that non-California
25
     residents cannot properly bring a CLRA claim.  *See, e.g., Discover Bank v. Superior Court*, 36
26
     Cal. 4th 148, 159 n.2 (2005) ("Plaintiff's counsel clarified at oral argument that plaintiff did not
27
     plead a CLRA cause of action because he would be ultimately seeking to certify a national class,
28
     and therefore did not wish to rely on a California statute.").  Here, because the only named

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-7-

                DEFENDANTS' MOTION TO DISMISS

1    plaintiff resides *outside* California (in New Jersey), Plaintiff cannot save her pleading through

2    the creation of a "California Subclass," and her CLRA claim is therefore properly dismissed in

3    its entirety.

4          Finally, it appears that Plaintiff may try to salvage her CLRA claim based upon the

5    forum selection clause included in the Wal-Mart.com website's "Terms of Use." The problem is

6    that the forum selection clause is merely that, a clause specifying where a lawsuit may be

7    brought, assuming plaintiff has standing. It has nothing to do with subject matter jurisdiction

8    and certainly cannot confer it on this Court. In addition, the California choice of law provision

9    in the website's "Terms of Use" cannot help Plaintiff because that provision merely applies

10   California law, it does not re-write state statutes.

### D.    Plaintiff's CLRA Claim Should Be Dismissed Because She Has Failed To Comply With The CLRA's Strictly Enforceable Notice Provisions.

13         At the very least, Plaintiff's CLRA claim for damages and restitution should be

14   dismissed with prejudice on the separate and independent ground that Plaintiff failed to comply

15   with the strict notice provisions of the CLRA. Under that statute, plaintiffs are restricted to

16   *seeking injunctive relief until after they have fully complied with the Act's notice provisions.*

17   *See* Cal. Civ. Code § 1782(a),(d) (Deering 2006). Failure to fully comply with these notice

18   provisions is fatal, even where the plaintiff's error is inadvertent. *See, e.g., Laster v. T-Mobile*

19   *USA, Inc.*, 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005) (dismissing CLRA damages claim

20   with prejudice even though the plaintiff's premature prayer for damages was "based upon

21   inadvertence and excusable neglect") (internal citation omitted); *Von Grabe v. Sprint PCS*, 312

22   F. Supp. 2d 1285, 1303-04 (S.D. Cal. 2003) (dismissing CLRA damages claim with prejudice

23   based upon plaintiff's failure to timely deliver statutory notice in the proper form).

24         Plaintiff tacitly admitted that she failed to comply with the CLRA's notice provisions by

25   seeking monetary restitution prior to the expiration of the Act's 30-day notice period.

26   Specifically, immediately after requesting injunctive relief, both the original and first amended

27   complaints state that "*if* Defendants do not respond to Plaintiff's notice pursuant to Cal. Civ.

28   Code § 1782 with corrective action within thirty days of its receipt, Plaintiff and the Class will

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    *also* be entitled to their actual damages … restitution, [and] punitive damages … pursuant to

2    Cal. Civ. Code § 1780(a)[.]" (First Amended Compl., ¶ 59) (emphasis added). Plaintiff thus

3    necessarily conceded that monetary recovery of any sort, whether in the form of actual and

4    punitive damages or restitution, cannot be requested until *after* the CLRA's 30-day notice period

5    has elapsed. Only then could Plaintiff seek damages and other monetary awards in addition to

6    injunctive relief. *See Laster*, 407 F. Supp. 2d at 1195-96.

7         Plaintiff will likely seek to avoid the consequences of her pleading by arguing that the

8    Complaint seeks "restitution" not "damages," and that the CLRA's notice provisions apply only

9    to requests for "damages." This argument should be rejected for at least two reasons. First,

10   damages and restitution are *not* wholly distinct; they are overlapping monetary remedies. *See,*

11   *e.g., Cheung v. Daley*, 35 Cal. App. 4th 1673, 1677 n.8 (1995) (noting that restitution is an

12   "equivalent" of compensatory damages) (internal citations omitted); *see also Cortez v. Purolator*

13   *Air Filtration Prods. Co.*, 23 Cal. 4th 163, 175 (2000) (holding that unlawfully withheld wages

14   could be considered a "restitutionary remedy" for purposes of bringing a representative action

15   under the UCL, but also noting that "backpay awards may be 'damages' under Civil Code

16   section 3281.").

17        More importantly, and as Plaintiff's Complaint acknowledges, the CLRA does *not*

18   permit plaintiffs to seek injunctive relief *and* restitution before the Act's 30-day notice period

19   has expired. (*See* Compl., ¶ 59.) It permits injunctive relief only: "An action for injunctive

20   relief brought under the specific provisions of Section 1770 may be commenced without

21   *compliance with [section 1782] subdivision (a).*" Cal. Civ. Code § 1782(d). This language

22   necessarily prohibits actions seeking other forms of relief unless they comply with the notice

23   provisions of section 1782(a).

24        Plaintiff will likely seek to distinguish between the legal nature of damages and the

25   equitable origins of restitution. The insurmountable problem that remains, however, is that

26   restitution is a monetary remedy that obviously is *not* equivalent to an injunction, and the CLRA

27   limits plaintiffs to injunctive relief until *after* the 30-day notice period expires. *See, e.g., Cortez,*

28   23 Cal. 4th at 176 (observing that monetary restitution may be awarded "[*i*]*n addition*" to an

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-9-

injunction) (emphasis added); *see also* Douglas Laycock, *The Scope And Significance of Restitution*, 67 Tex. L. Rev. 1277, 1283 (1989) ("Restitution is also commonly distinguished from injunctions and specific performance, even though these remedies also grant specific relief and are premised on the inadequacy of substitutionary remedies such as damages.") (footnote omitted). Simply put, Plaintiff committed a fatal error by prematurely seeking monetary relief in her Complaint. *See Laster*, 407 F. Supp. 2d at 1195-96.

      **E.**    **Since All of Plaintiff's Individual Claims Against Wal-Mart and Her CLRA Claim Against Wal-Mart.com Are Barred, The Corresponding Class Claims Should Likewise Be Dismissed.**

Because Cattie's individual claims are barred, her corresponding class claims necessarily fail and must be dismissed. *See, e.g., Lee*, 260 F.3d at 999-1000 (class certification twice denied and ultimately dismissed because named plaintiff did not have standing to sue the defendant insurer); *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, [she] must possess the same interest and suffer the same injury shared by all members of the class [she] represents.") (*citing Ind. Employment Sec. Div. v. Burney*, 409 U.S. 540 (1973)). Defendants will oppose certification of a class on all of Plaintiff's claims at the appropriate juncture, under Fed. R. Civ. P. 23. But these claims fail at this early juncture in light of Plaintiff's lack of standing to assert them.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-10-

          DEFENDANTS' MOTION TO DISMISS

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss should be granted. As to Wal-Mart Stores, the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction. Count Two of the Complaint should also be dismissed as to Wal-Mart.com because Cattie lacks standing to sue under the CLRA, and has failed to satisfy its stringent notice provisions.

Dated: June 14, 2006

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By _____

STEVEN H. FRANKEL (State Bar No. 171919)
Michael A. Schlanger (Washington, D.C., *Pro Hac Vice* Application Pending)
Michael H. Barr (New York, *Pro Hac Vice* Application Pending)
Sandra D. Hauser (New York, *Pro Hac Vice* Application Pending)
David A. Diepenbrock (State Bar No. 215679, S.D. Cal. Admission Pending)

Attorneys for Defendants WAL-MART STORES, INC. and WAL-MART.COM USA, LLC

[NYC 17526268]

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

06cv0897 LAB (CAB)                                    DEFENDANTS' MOTION TO DISMISS