USDC SCAN INDEX SHEET

KAJ 6/15/06 14:13

3:06-CV-00897 CATTIE V. WAL-MART STORES

*13*

*DECL.*

STEVEN H. FRANKEL (State Bar No. 171919)
Michael A. Schlanger (Washington, D.C., *Pro Hac Vice* Application Pending)
Michael H. Barr (New York, *Pro Hac Vice* Application Pending)
Sandra D. Hauser (New York, *Pro Hac Vice* Application Pending)
David A. Diepenbrock (State Bar No. 215679, S.D. Ca. Admission Pending)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: sfrankel@sonnenschein.com

Attorneys for Defendants
WAL-MART STORES, INC. and
WAL-MART.COM USA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE CATTIE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC. and WAL-MART.COM USA, LLC,<br><br>Defendants. | No. 06 CV 0897 LAB (CAB)<br><br>DECLARATION OF STEVEN H. FRANKEL IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT<br><br>[Fed. R. Civ. P. 12(b)(1)]<br><br>Date: July 31, 2006<br>Time: 10:30 a.m.<br>Place: Courtroom 9, 2nd Floor<br>Judge: Hon. Larry Allen Burns |

I, Steven H. Frankel, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California and am a partner in the law firm of Sonnenschein Nath & Rosenthal LLP, counsel of record for Defendants Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC. I have personal knowledge of the facts set forth herein, and, if called as a witness, I can and would testify competently thereto under oath.

06cv0897 LAB (CAB)                             1                         DECLARATION OF STEVEN FRANKEL IN
                                                                         SUPPORT OF DEFENDANTS' MOTION TO DISMISS

2. Attached hereto as Exhibit A is a true and correct copy of a letter I caused to be sent to counsel for plaintiff Catherine Cattie, Blake Muir Harper, Hulett Harper Stewart LLP, on behalf of Wal-Mart Stores, Inc., on June 8, 2006.

3. Attached hereto as Exhibit B is a true and correct copy of a letter I caused to be sent to counsel for plaintiff Catherine Cattie, Blake Muir Harper, Hulett Harper Stewart LLP, on behalf of Wal-Mart.com USA, LLC, on June 8, 2006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this June 14, 2006, at San Francisco, California.

_____
STEVEN H. FRANKEL

[27240027]

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

525 Market Street
26th Floor
San Francisco, CA 94105-2708
415.882.5000
415.882.0300 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
Phoenix
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

Steven H. Frankel
415.882.2410
sfrankel@sonnenschein.com

June 8, 2006

VIA FACSIMILE AND
CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Blake Muir Harper
Hulett Harper Steward LLP
350 West C Street
Suite 1600
San Diego, California 92101

Re: *Catherine Cattie v. Wal-Mart Stores, Inc.*
06-CV-0897 LAB (CAB)

Dear Mr. Harper:

On behalf of Wal-Mart Stores, Inc., this letter responds to your April 18, 2006 letter sent on behalf of Catherine Cattie and addressed to H. Lee Scott, Jr., President and CEO of Wal-Mart Stores, Inc., concerning purported claims under the California Consumer Legal Remedies Act ("CLRA") based on alleged misrepresentations and failure to make certain disclosures relating to bed linens sold through Wal-Mart.com.

Wal-Mart.com is a separate corporation from Wal-Mart Stores, Inc. To our knowledge, Ms. Cattie never purchased any bed linens from Wal-Mart Stores, Inc. Given these facts, Ms. Cattie could not have been injured by anything that Wal-Mart Stores, Inc. allegedly did or did not do with respect to any bed linens she may have purchased elsewhere. As a consequence, Ms. Cattie has no standing to assert any claims against Wal-Mart Stores, Inc. under the CLRA. Likewise, she has no standing to assert any of the other claims set forth in her complaint, also filed on April 18, 2006, in the United States District Court for the Southern District of California. Accordingly, Wal-Mart Stores, Inc. requests that Ms. Cattie's action be immediately dismissed.



QUALITY  DEDICATION · INTEGRITY
100
Y E A R S
2 0 0 6



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Blake Muir Harper
June 8, 2006
Page 2

Should you fail to do so, Wal-Mart Stores, Inc. will seek all costs and fees incurred in defending against Ms. Cattie's meritless suit pursuant to California Civil Code section 1780(d), and Rule 11 of Federal Rules of Civil Procedure.

Yours very truly,

Steven H. Frankel

SHF/dvd
cc:   Mark S. Goldman, Esq.
      Stacey Mills, Esq.
      Garrett J. Bradley, Esq.

[27239467]



# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

525 Market Street
26th Floor
San Francisco, CA 94105-2708
415.882.5000
415.882.0300 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
Phoenix
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

Steven H. Frankel
415.882.2410
sfrankel@sonnenschein.com

June 8, 2006

<u>VIA FACSIMILE AND
CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

Blake Muir Harper
Hulett Harper Steward LLP
350 West C Street
Suite 1600
San Diego, California 92101

Re: *Catherine Cattie v. Wal-Mart Stores, Inc.*
06-CV-0897 LAB (CAB)

Dear Mr. Harper:

On behalf of Wal-Mart.com USA, LLC ("Wal-Mart.com."), this letter responds to your May 5, 2006 letter sent on behalf of Catherine Cattie and addressed to Carter Cast, President of Wal-Mart.com, concerning purported claims under the California Consumer Legal Remedies Act ("CLRA") based on alleged misrepresentations and failure to make certain disclosures relating to the thread-count of bed linens sold through Wal-Mart.com.

As an initial matter, we note, based on our client's records, that your client, Ms. Cattie, a New Jersey resident, placed an order for one set of cotton sateen queen sheets through Wal-Mart.com's website on April 7, 2006, only 11 days prior to bringing suit with respect to that purchase in the United States District Court for the Southern District of California. Thus, we question whether Ms. Cattie had even received the sheets she purchased prior to authorizing suit. Ms. Cattie certainly never expressed any dissatisfaction with her purchase to anyone at Wal-Mart.com until it received a copy of the Amended Complaint and your May 5, 2006 letter.

Ms. Cattie, as a New Jersey resident, has no standing to assert any claims under the CLRA. Accordingly, Wal-Mart.com requests that the CLRA claim set forth in Ms. Cattie's Amended Complaint be immediately dismissed. Given Ms. Cattie's lack of standing, it is improper, as a matter of law, for any amended complaint to be filed seeking any additional remedies under the CLRA.





Blake Muir Harper
June 8, 2006
Page 2

Moreover, Ms. Cattie's request for monetary restitution renders her CLRA claim improper, for failure to comply with the strict notice provisions of the CLRA, which restrict plaintiffs to seeking injunctive relief until after they have fully complied with the Act's notice provisions. *See* Cal. Civ. Code § 1782(a),(d). Failure to comply with these notice provisions is fatal. *See, e.g., Lasker v. T-Mobile USA, Inc.*, 407 F.Supp.2d 1181,1195-96 (S.D.Ca. 2005); *Von Grade v. Sprint PCS*, 312 F.Supp.2d 1285 (S.D.Ca. 2003) (dismissing CLRA claims with prejudice).

Wal-Mart.com strongly values its customer relationships and its customers' satisfaction with the products purchased. Notwithstanding Ms. Cattie's lack of standing, Wal-Mart.com, consistent with its established policies, will be happy to refund the $99.88, plus tax and shipping charges that Ms. Cattie paid for the sheets upon their return, or will exchange the sheets she purchased for other products offered through its website.

Yours very truly,

Steven H. Frankel

SHF/dvd
cc:   Mark S. Goldman, Esq.
      Stacey Mills, Esq.
      Garrett J. Bradley, Esq.

[27239469]

