USDC SCAN INDEX SHEET

















KAJ 7/25/06 8:51

3:06-CV-00897 CATTIE V. WAL-MART STORES

*26*

*RPLYOPPM.*

FILED

06 JUL 24 PM 4:18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

STEVEN H. FRANKEL (State Bar No. 171919)
Michael A. Schlanger (Washington, D.C., admitted *Pro Hac Vice*)
Michael H. Barr (New York, admitted *Pro Hac Vice*)
Sandra D. Hauser (New York, admitted *Pro Hac Vice*)
David A. Diepenbrock (State Bar No. 215679)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: sfrankel@sonnenschein.com

Attorneys for Defendants
WAL-MART STORES, INC. and
WAL-MART.COM USA, LLC

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

CATHERINE CATTIE, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

WAL-MART STORES, INC. and WAL-MART.COM USA, LLC,

Defendants.

No. 06 CV 0897 LAB (CAB)

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT IN ITS ENTIRETY AGAINST WAL-MART STORES, INC., AND THE C.L.R.A. CLAIMS AGAINST WAL-MART STORES, INC. AND WAL-MART.COM USA LLC

[Fed. R. Civ. P. 12(b)(1)]

Date: July 31, 2006
Time: 10:30 a.m.
Place: Courtroom 9, 2nd Floor
Judge: Hon. Larry Allen Burns

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Plaintiff Has No Standing To Sue Wal-Mart Stores. .......... 2

B. Plaintiff's CLRA Claim Should Be Dismissed. .......... 5

1. Plaintiff Lacks Standing To Sue Under The CLRA. .......... 5

2. Plaintiff's CLRA Claim Should Be Dismissed Because She Sought Restitution Before the Act's Strictly Enforced Notice Provisions Had Been Satisfied .......... 8

III. CONCLUSION .......... 10


SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189 (S.D.N.Y. 2000) .......... 4

*Castaic Lake Water Agency v. Whittaker Corp.*, 272 F. Supp. 2d 1053 (C.D. Cal. 2003) .......... 3, 4

*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2nd Cir. 1996) .......... 5

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) .......... 3

*EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265 (S.D.N.Y. 2004) .......... 5

*Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175 (9th Cir. 1980) .......... 4, 5

*Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005) .......... 10

*Lee v. Am. Nat'l. Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) .......... 2

*Nordberg v. Trilegiant Corp.*, 2006 U.S. Dist. LEXIS 15756 (N.D. Cal. Apr. 4, 2006) .......... 7

*In re Pizza Time Theatre Sec. Litig.*, 112 F.R.D. 15 (N.D. Cal. 1986) .......... 6

*Resolution Trust Corp. v. Driscoll*, 985 F.2d 44 (1st Cir. 1993) .......... 5

*In re Seagate Techs. Sec. Litig.*, 115 F.R.D. 264 (N.D. Cal. 1987) .......... 6

*United States v. Bestfoods*, 524 U.S. 51 (1998) .......... 3, 4

*Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285 (S.D. Cal. 2003) .......... 4, 10

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## STATE CASES

*Clothesrigger, Inc. v. GTE Corp.*, 236 Cal. Rptr. 605 (1987) .......... 6

*Diamond Multimedia Sys., Inc. v. Superior Court*, 80 Cal. Rptr. 2d 828 (1999) .......... 6

*Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005) .......... 7

*Norwest Mortgage, Inc. v. Superior Court*, 85 Cal. Rptr. 2d 18 (1999) .......... 6, 7

*Outboard Marine Corp. v. Superior Court*, 124 Cal. Rptr. 852 (1985) .......... 9

*Pfizer, Inc. v. Superior Court*, 2006 Cal. App. LEXIS 1068 (Cal. Ct. App. July 11, 2006) .......... 1, 2, 7

*In re Reeves*, 110 P.3d 1218 (Cal. 2005) .......... 9, 10

*Sonora Diamond Corp. v. Superior Court*, 99 Cal. Rptr. 2d 824 (2000) .......... 3

## STATE STATUTES

Cal. Bus. & Prof. Code § 320 .......... 6

Cal. Bus. & Prof. Code §§ 17200 *et seq.* .......... 1

Cal. Bus. & Prof. Code §§ 17500 *et seq.* .......... 1

Cal. Civ. Code § 1782 .......... 6

Cal. Civ. Code § 1782(d) .......... 9

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## I. INTRODUCTION

In her Opposition, plaintiff Catherine Cattie ("Cattie") acknowledges that on April 7, 2006, she purchased one set of 100% cotton, queen-size sateen 1000 thread count sheets on the website of defendant Wal-Mart.com. She does not assert any dissatisfaction with the sheets, nor indicate that she even opened the manufacturer's package before her attorneys filed this lawsuit 11 days later, let alone explain her injury or why she chose to sue the retailer rather than simply return the sheets for a full refund under Wal-Mart.com's liberal return policy. Moreover, Cattie fails to allege that she *actually relied* on any misrepresentation by Wal-Mart.com — a failure that a California appellate court just held fatal to claims like Cattie's brought under California's Unfair Competition Law (UCL), Bus. & Prof. Code §17200 *et seq.* and False Advertising Law (FAL), §17500 *et seq. See Pfizer, Inc. v. Superior Court*, No. B188106, 2006 Cal. App. LEXIS 1068 (Cal. Ct. App. July 11, 2006) (customer who was unaware of, or did not rely upon, alleged misrepresentation did not suffer injury in fact, holding: "Inherent in Proposition 64's requirement that a plaintiff suffered 'injury in fact ... *as a result of*' the fraudulent business practice or false advertising … is that a plaintiff actually *relied* on the misrepresentation and as a result, was injured thereby.") Yet, Cattie still maintains that she is entitled to pursue this putative nationwide damage class action against both Wal-Mart.com and its parent company, Wal-Mart Stores, Inc. She cannot do so.

Cattie acknowledges that her claims relate exclusively to one $99.88 on-line purchase from Wal-Mart.com, and that she purchased nothing at issue from any Wal-Mart store. She nevertheless attempts to salvage her claim against Wal-Mart Stores through unfounded speculation — found nowhere in her initial, Amended, or Second Amended Complaints — that Wal-Mart Stores "directed" alleged "thread-count" misrepresentations relating to goods manufactured by other companies to appear on Wal-Mart.com's retail website. Plaintiff has no factual basis for these broad and unpled assertions. Even if the specific facts Cattie points to in her Opposition had been alleged, they are insufficient as a matter of law to support either the "alter ego" or "agency" relationships that she claims permit her to sue both of these separate companies. Since Cattie purchased nothing from Wal-Mart Stores, and can allege no injury as a result of its conduct, her claims against Wal-Mart Stores should be dismissed.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

With respect to Wal-Mart.com, plaintiff — like defendants — has found no authority permitting a non-resident plaintiff like Cattie to pursue a nationwide damage action under the CLRA. Yet, notwithstanding that she can point to no state or federal court in the Act's 30-year history that has permitted an out-of-state plaintiff to pursue any claim under the CLRA — let alone to pursue a nationwide class — Cattie asks this Court to permit this case to go forward, and to open the proverbial "floodgates" to a tidal wave of nationwide damage claims in the California courts. Because Cattie lacks standing, her CLRA claim should be dismissed.

Even if plaintiff had standing, she would be limited to only injunctive relief since by seeking restitution — a vastly different remedy than injunctive relief — she failed to comply with the CLRA's strictly enforced notice provisions. Thus, at the very least, her CLRA restitution, damage and other monetary relief claims should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff Has No Standing To Sue Wal-Mart Stores.

Plaintiff's Opposition flatly ignores *Lee v. American National Insurance Co.*, 260 F.3d 997 (9th Cir. 2001). *Lee* controls, and squarely holds that plaintiff has no Article III standing to sue Wal-Mart Stores because she did not buy anything from Wal-Mart Stores, and thus cannot establish that she suffered any injury due to Wal-Mart Stores' conduct. *Lee*, 260 F.3d at 999.

In an attempt to escape from *Lee's* grasp, plaintiff asserts that she should still be able to pursue Wal-Mart Stores because it purportedly has a "unity of interest and ownership with Wal-Mart.com." (Pl.'s Opposition Brief ("Opp.") 1:21.) Of course, no such allegations appear in her Second Amended Complaint, notwithstanding that the complaint was twice amended, including once for the very purpose of adding Wal-Mart.com as a defendant. Cattie certainly alleges no "injury in fact ... as a result of " any conduct of Wal-Mart Stores, let alone that that she *actually relied* on a false or misleading Wal-Mart Store's advertisement. *See Pfizer*, 2006 Cal. App. LEXIS 1068, at *7. Nor can plaintiff's bald conjecture that Wal-Mart Stores "directed" Wal-Mart.com to make the alleged thread-count misrepresentations on its website, support Cattie's theories that either Wal-Mart.com acted as Wal-Mart Stores' "agent," or that Wal-Mart Stores' corporate veil should be pierced.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

As an initial matter, plaintiff fails to acknowledge the high threshold she must overcome under both California and federal common law before a corporate parent can be held accountable for the alleged acts of a subsidiary. A plaintiff must show that injustice would result from the recognition of the separateness of corporations. *Sonora Diamond Corp. v. Superior Court*, 99 Cal. Rptr. 2d 824, 836-37 (2000) ("[T]here must be an inequitable result if the acts in question are to treated as those of the corporation alone. . . . Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard."); *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (plaintiff must show that "failure to disregard [their separate entities] would result in fraud or injustice"). *Sonora Diamond* also dispels any notion that Wal-Mart.com acted as Wal-Mart Stores' agent. As that court explained, no agency relationship can be found between a parent and subsidiary unless the parent exercises control "over and above that to be expected as an incident of a parent's ownership of the subsidiary and must reflect the parent's purposeful disregard of the subsidiary's independent corporate existence." *Sonora Diamond*, 99 Cal. Rptr. 2d at 838. As a result, the *Sonora Diamond* court held that a parent company's financing of its subsidiary, its extension of loan guarantees, interlocking officers and directors, and the use of consolidated financial reporting were insufficient to establish agency between the companies. *Id.* at 838-45. Federal courts require a similarly high showing to establish agency between a parent and subsidiary. *See, e.g., United States v. Bestfoods*, 524 U.S. 51, 69 (1998); *Castaic Lake Water Agency v. Whittaker Corp.*, 272 F. Supp. 2d 1053, 1079 (C.D. Cal. 2003).

Here, there simply is no factual basis upon which plaintiff can pursue her claims against Wal-Mart Stores on either an *alter ego* or agency basis. The very facts upon which plaintiff relies in her Opposition — even if any were alleged, and even if true — do not support her claims. Plaintiff notes: (1) the presence of the Wal-Mart Stores trademark on the Wal-Mart.com website; (2) the website's general reference to products being "In Stores Now" (though plaintiff does not, and cannot, make any such assertion specifically regarding the sheets she purchased); (3) that products listed on the website can be "returned, exchanged, or even picked up at Wal-Mart stores" (though again there is no specific assertion that the sheets she purchased can be picked up at a Wal-Mart store — and of course, she has not returned them); (4) products purchased on the website are

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

purportedly assigned a Wal-Mart Stores item number; and (5) the alleged ownership by Wal-Mart Stores of a distribution center used by Wal-Mart.com. (Opp. 12:22-13:3.) From these "facts," plaintiff leaps to the conclusion that they "clearly establish that Wal-Mart Stores was a direct participant in the unlawful business practices alleged in the Complaint." (*Id.* 13:6-7.) As a matter of law, they do not.

First, plaintiff's representations regarding the purported ownership of a single distribution center used by Wal-Mart.com is undermined by the very evidence she cites reflecting that "third-party operators" are used for eight of the nine distribution centers that "support Walmart.com." (*See* Declaration of Mark S. Goldman In Support of Plaintiff's Opposition To Defendants' Motion to Dismiss ("Goldman Decl.") ¶ 8, Exh. 2.) That one of the nine distribution centers may be owned by Wal-Mart Stores hardly establishes *alter ego* or agency. *See, e.g., Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (no *alter ego* or agency relationship even though overseas parent guaranteed loans for subsidiary, placed several of its directors on subsidiary's board, and worked closely with subsidiary in pricing, marketing and approving distribution plans.) Cases plaintiff cites are in accord. *See, e.g., Bestfoods*, 524 U.S. at 69 ("[I]t cannot be enough to establish liability here that dual officers and directors made policy decisions and supervised activities at the facility."); *Castaic Lake Water Agency*, 272 F. Supp. 2d at 1079.

Likewise, use of a common trademark and trade name does not establish an *alter ego* or agency relationship. *See, e.g., Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1301 (S.D. Cal. 2003) (*citing Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 193 (S.D.N.Y. 2000)). The remaining facts plaintiff now asserts (regarding in-store exchanges and credits) are no different from reciprocal marketing and crediting arrangements commonly found among unrelated entities, such as airline and credit card companies, and are insufficient to establish an agency relationship, or to pierce the corporate veil. *See, e.g., Kramer Motors*, 628 F.2d at 1176-77 (no agency or *alter ego* relationship where inter-company agreements allowed employees of domestic corporation to originate purchases in U.S. and pick up the purchased goods overseas while on vacation, even though the parent had other involvement in the subsidiary's affairs).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Plaintiff's speculation about the capitalization of Wal-Mart.com provides no reason to permit her to amend her complaint or allow her to take discovery because Cattie could not establish any causal connection between capitalization and her alleged injury. *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 274-75 (S.D.N.Y. 2004) (Plaintiff "fails to provide any factual allegations as to why the undercapitalization of PJAC . . . defrauded or otherwise harmed [plaintiff].")

In short, not only has plaintiff omitted any supportive facts from her initial, amended or Second Amended Complaints, the new "facts" alleged in plaintiff's Opposition are insufficient to hold Wal-Mart Stores accountable for Wal-Mart.com's alleged conduct and her claim should be dismissed without leave to amend. *See, e.g., Resolution Trust Corp. v. Driscoll*, 985 F.2d 44, 48 (1st Cir. 1993) ("Quinaquisset alleges no facts that, if proved, would even arguably permit a court to impose liability on Evergreen for the acts of its parent under an *alter ego* theory."); *see also De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2nd Cir. 1996); *Kramer Motors*, 628 F.2d at 1177.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**B. Plaintiff's CLRA Claim Should Be Dismissed.**

**1. Plaintiff Lacks Standing To Sue Under The CLRA.**

Although Cattie continues to insist that she, as a New Jersey resident, may properly assert a damage claim under the CLRA, Cattie has cited no federal or state court, nor any other authority, that ever has permitted this statute such a reach. Plaintiff notes the obvious fact that nothing on the face of the CLRA "purports to confine the meaning of consumer to only those consumers residing in California" (Opp. 7:7-8.) But this hardly is sufficient to confer standing, since the Act does not explicitly extend its protection to out-of-state plaintiffs. Rather, as other courts and litigants have recognized, the geographic scope of the CLRA's protection is limited to those residing within the state, and plaintiff has failed to identify any contrary authority.

Though plaintiff cites several cases extending <u>other</u> California laws to out-of-state plaintiffs, none imply that the CLRA has a similar reach — and the context of these cases suggests that no statutory damage claim is available. Three of plaintiff's cases stand only for the unremarkable proposition that out-of-state plaintiffs may bring common law claims for fraud

and negligent misrepresentation in a California court. *See In re Seagate Techs. Sec. Litig.*, 115 F.R.D. 264, 268 (N.D. Cal. 1987) (negligent misrepresentation and fraud); *In re Pizza Time Theatre Sec. Litig.*, 112 F.R.D. 15, 17 (N.D. Cal. 1986) (negligent misrepresentation and fraud); *Clothesrigger, Inc. v. GTE Corp.*, 236 Cal. Rptr. 605, 606 (1987) (negligent misrepresentation, fraud, and unfair business practices). Plaintiff cites to only two cases extending the reach of California statutes to out-of-state plaintiffs, neither of which helps her.

In *Diamond Multimedia Systems, Inc. v. Superior Court*, 80 Cal. Rptr. 2d 828 (1999), the court allowed out-of-state plaintiffs to assert claims under California's Corporate Securities Law only after scrutinizing the statute itself and finding that it explicitly contemplated interstate transactions. The court found, among other things, that definitions within the Securities Law "clearly encompass interstate transactions," 80 Cal. Rptr. 2d at 837, that the statute "provides for service of process on out-of-state defendants," *id.* at 839, and that a contrary reading would render portions of the statute superfluous, *id.* at 837. None of these provisions are found within the CLRA which, despite having other explicit provisions for notice, *see* Cal. Civ. Code § 1782, contains no explicit procedure for serving or notifying out-of-state parties, nor does it make any other reference to interstate transactions or non-resident plaintiffs.

The *Diamond Multimedia* court further relied on provisions allowing the Commissioner of Corporations to seek relief on behalf of "investors," without limiting that term to in-state investors. *Id.* at 838. While the CLRA does not address actions brought on behalf of "consumers," similar provisions elsewhere in California's laws allow intervention by the Director of the Department of Consumer Affairs in matters affecting "the interest of consumers *within California*," Cal. Bus. & Prof. Code § 320 (emphasis added) or "the interests of the consumers *of this state*." *Id.* at § 321 (emphasis added). Such explicit limitations were not found as to the unqualified "investors" protected by the Securities Law at issue in *Diamond Multimedia*.

Plaintiff's citation to *Norwest Mortgage, Inc. v. Superior Court*, 85 Cal. Rptr. 2d 18 (1999), a case dealing only with California's Unfair Competition Law ("UCL"), is equally unavailing. While the court in *Norwest Mortgage* found that out-of-state plaintiffs may bring

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

"[p]laintiffs [did] not cite any pertinent California authority construing the UCL as applicable" to such claims. 85 Cal. Rptr. 2d 18 at 23-24. This merely underscores Cattie's similar failure to identify any California authority applying the CLRA to out-of-state claimants. Indeed, what is most telling about *Norwest Mortgage* is that plaintiffs in that case—a putative nationwide class alleging unfair business practices—did not bring a claim under the CLRA, strongly suggesting the Act is commonly understood to apply only to California residents. *See also Pfizer*, 2006 Cal. App. LEXIS 1068.

Plaintiff offers nothing that discredits the compelling dicta confirming this understanding, nor the actual practice in California showing that litigants and judges in California's state and federal courts recognize that CLRA claims are limited solely to resident plaintiffs. In *Nordberg v. Trilegiant Corp.*, 2006 U.S. Dist. LEXIS 15756, at *29 (N.D. Cal. Apr. 4, 2006), the court, after finding that *all* of the plaintiffs qualified as "consumers" under the CLRA's definition, nevertheless recognized that only two of the named plaintiffs had viable claims under the Act. These two were "the only plaintiffs residing in California and therefore *the only plaintiffs with standing to enforce the CLRA against defendants*." *Id.* at *32 (emphasis added).

Recognizing the CLRA's limited applicability, counsel in *Discover Bank v. Superior Court*, 113 P.3d 1100, 1108 n.2 (Cal. 2005), clarified to the court that his client "did not plead a CLRA cause of action because he would be ultimately seeking to certify a national class, and therefore did not wish to rely on a California statute." Though plaintiff argues that this language was inserted only to distinguish that case from another one, it does nothing to discredit or undermine the CLRA's limitations. If the CLRA permitted claims by out-of-state plaintiffs, litigants would have no reason to avoid including it within the claims of a nationwide class, yet plaintiff has failed to identify a single reported case within the Act's 30-year history in which any out-of-state plaintiff has ever been allowed to do so. And, neither the forum selection clause nor the choice of law provision in Wal-Mart.com's "Terms of Use" alters that history. They do not confer standing on a non-resident plaintiff to assert a statutory CLRA claim.

The absence of authority for extending the CLRA is hardly surprising. If non-residents were permitted to pursue CLRA damage claims, it would federalize the CLRA, displacing the

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

damage regimes that many other state legislatures have crafted to protect their own citizens and for their own perfectly valid reasons. And on the flip side, should the Court accept plaintiff's claim, whole new vistas of litigation would be open to pursuing damage claims against any company that maintains a presence in California. In the absence of any support for the notion that a non-resident has ever, or could ever, bring a claim under the CLRA, Cattie lacks standing to assert such a claim. Accordingly, her CLRA claims should be dismissed.

**2. Plaintiff's CLRA Claim Should Be Dismissed Because She Sought Restitution Before the Act's Strictly Enforced Notice Provisions Had Been Satisfied.**

Plaintiff does not dispute that she originally commenced her CLRA claim seeking both injunctive relief and restitution before the Act's 30-day notice period had elapsed. By attempting to slip in a restitution claim, plaintiff did not comply with the CLRA's strictly construed notice provisions, which expressly restrict claims under the Act to those seeking only injunctive relief until after the notice period has elapsed. (Motion to Dismiss ("Motion") 9:17-23.) (*See* Cal. Civ. Code § 1782(d) ("An action for *injunctive relief* brought under the specific provisions of Section 1770 may be commenced without compliance with" the Act's pre-damage notification requirements set forth in section 1782(a).) (emphasis added).

Plaintiff's counsel submitted its first CLRA notice letter on April 18, 2006, the same day they filed the original complaint seeking both injunctive relief and restitution. (*See* Complaint, Prayer for Relief 12:28-32.) Thereafter, on May 5, 2006, plaintiff filed her First Amended Complaint adding Wal-Mart.com as a defendant, and again seeking both injunctive relief and restitution on the CLRA claim. (First Amended Complaint 13:5-7.) Yet, plaintiff's counsel waited until May 12, 2006 before sending the 30-day notice letters. (*See* Goldman Decl. ¶ 2.) By going beyond injunctive relief and seeking restitution when she commenced suit, plaintiff violated the Act's notice provisions before any 30-day notice period even began.

Plaintiff's Opposition tries unsuccessfully to confuse this issue by focusing on irrelevant distinctions between "restitution" and "damages." The single relevant distinction is between restitution and *injunctive relief*, the only relief permitted by section 1782(d) for a pre-notice pleading. Restitution is, of course, a wholly different remedy than injunctive relief. Nonetheless,

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Cattie posits (incorrectly) that defendants' argument rests on a conflation of "restitution" and "damages." (Opp. 11:22-23) ("decisions cited by Defendants also do not support their position that restitution is the same as damages").) What defendants actually stated (parenthetically) is that "damages and restitution are not wholly distinct; they are overlapping monetary remedies." (Motion 9:9-10.) That point was obviously incidental to defendants' argument on the plain language of section 1782(d). So plaintiff's authorities showing differences between restitution and damages only underscore that restitution is a well-recognized form of recovery different from injunctive relief.

Plaintiff's reference to the Legislature's 1988 amendment to the CLRA adding the "equitable remedy of restitution of property," further illustrates why only an action for injunctive relief can be commenced prior to expiration of Act's notice period. (Opp. 10:21-23.) Plaintiff claims that this amendment somehow superseded *Outboard Marine Corp. v. Superior Court*, 124 Cal. Rptr. 852, 859 (1985), which held that the Act's notice provisions must be literally applied to achieve the Legislature's goals. To the contrary, the Legislature's decision *against* adding restitution as a remedy that could be requested prior to expiration of the CLRA's 30-day notice provision — after *Outboard Marine* held that provisions relating to the Act's notice provisions must be read literally and strictly enforced — is significant.

If the Legislature deemed it appropriate for claimants to be allowed to seek restitution before the Act's notice provisions had been satisfied, it could easily have amended section 1782(d) to so provide at the same time it added restitution as an available remedy under section 1780(a). By not doing so, the Legislature is presumed to have understood, in the wake of *Outboard Marine*, that section 1782(d) would continue to be strictly enforced. *See, e.g., In re Reeves*, 110 P.3d 1218, 1231 (Cal. 2005) ("The Legislature . . . is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof. Where a statute is framed in language of an earlier enactment . . . , and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction.") (internal citations and quotations omitted).

Plaintiff insinuates that defendants are somehow at fault because they failed to provide

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

timely responses to plaintiff's CLRA Notice letters. However, defendants did provide timely responses. (*See* Supplemental Declaration of Steven H. Frankel ¶¶ 2-3, Exh. B.) And plaintiff's receipt of defendants' response letters has no bearing on whether *plaintiff* improperly commenced this action seeking restitutionary relief before the notice period even began to run.

Plaintiff's sole response to the merits of defendants' argument is to state that the cases cited — *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285 (S.D. Cal. 2003) — do not involve claims for restitution. That hardly helps her claim survive given that those cases strictly construe the CLRA's notice provisions. *Laster* is particularly instructive because it held that the plaintiff's premature prayer for damages required dismissal, even if it was "based upon inadvertence and [] neglect." *Laster*, 407 F. Supp. 2d at 1195-96. The rationale in *Laster* that, "[s]trict adherence to the statute's notice provision is required to accomplish the Act's goals of expeditious remediation before litigation," *id.* at 1196, applies with equal force to premature requests for restitution, especially since the Legislature decided *against* including restitution as a remedy that could be sought prior to the notice period's expiration.

In short, since plaintiff failed to comply with the CLRA's strictly enforced notice requirements, even assuming *arguendo* that she has standing, plaintiff is limited to injunctive relief, and her claims for restitution and damages should be dismissed.

## III. CONCLUSION

For all the foregoing reasons, defendants' Motion to Dismiss should be granted. As to Wal-Mart Stores, the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction. With respect to Wal-Mart.com, Count Two of the Complaint should be dismissed because Cattie lacks standing to sue under the CLRA.

Dated: July 24, 2006

Respectfully Submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By [signature]
STEVEN H. FRANKEL
Attorneys for Defendants
WAL-MART STORES, INC. and WAL-MART.COM USA, LLC

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

ORIGINAL

STEVEN H. FRANKEL (State Bar No. 171919)
Michael A. Schlanger (Washington, D.C., *Pro Hac Vice* Application Pending)
Michael H. Barr (New York, *Pro Hac Vice* Application Pending)
Sandra D. Hauser (New York, *Pro Hac Vice* Application Pending)
David A. Diepenbrock (State Bar No. 215679, S.D. Cal. Admission Pending)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: sfrankel@sonnenschein.com

Attorneys for Defendants
WAL-MART STORES, INC. and
WAL-MART.COM USA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

CATHERINE CATTIE, on Behalf of Herself and All Others Similarly Situated,

Plaintiff,

vs.

WAL-MART STORES, INC. and WAL-MART.COM USA, LLC,

Defendants.

No. 06CV0897 LAB (CAB)

CERTIFICATE OF SERVICE

I, Diane Donner, hereby declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal, 525 Market Street, 26th Floor, San Francisco, California 94105. I am over the age of 18 and not a party to the within action.

On July 24, 2006, I served the foregoing documents, described as:

1. **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT IN ITS ENTIRETY AGAINST WAL-MART STORES, INC., AND THE C.L.R.A. CLAIMS AGAINST WAL-MART STORES, INC. AND WAL-MART.COM USA LLC**

2. **SUPPLEMENTAL DECLARATION OF STEVEN H. FRANKEL IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

on the interested parties in this action by placing a true copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, addressed as follows:

| | |
|---|---|
| Blake Muir Harper<br>Dennis Stewart<br>Sarah Pickeral Weber<br>HULETT HARPER STEWART LLP<br>550 West C Street, Suite 1600<br>San Diego, CA 92101<br>Telephone: (619) 338-1133<br>Facsimile: (619) 338-1139 | ***Attorneys for* PLAINTIFFS**<br><br>**Via Hand Delivery and U.S. Mail** |
| Mark S. Goldman<br>Brian D. Penney<br>GOLDMAN, SCARLATO & KARON P.C.<br>101 West Elm Street, Suite 360<br>Conshohocken, PA 19428<br>Telephone: (484) 342-0700<br>Facsimile: (484) 342-0701 | **Via Facsimile and U.S. Mail** |

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
685 MARKET STREET, 6TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

Stacey Mills
Bryan L. Crawford
Brian L. Williams
HEINS MILLS & OLSON PLC
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

**Via Facsimile and U.S. Mail**

Garrett J. Bradley
THORNTON & NAUMES LLP
100 Summer Street
30th Floor
Boston, MA 02110
Telephone: (607) 720-1333
Facsimile: (607) 720-2445

**Via Facsimile and U.S. Mail**

☒ U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☒ FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐ FEDERAL EXPRESS: I served the within document in a sealed Federal Express envelope with delivery fees provided for and deposited in a facility regularly maintained by Federal Express.

☒ HAND DELIVERY: I caused such document to be served by hand delivery via First Legal Attorney Service in San Diego, California to the Hulett Harper Office at the address above.

Executed on July 24, 2006 at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Diane Vivian Donner
Diane Vivian Donner

[27237252]